IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDEX SUPPLY CHAIN** | ) | |
| **LOGSTICS & ELECTRONICS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-02684-JTF-atc |
| | ) | |
| **GENESIS NETWORKS ENTERPRISES,** | ) | |
| **LLC and JAMES GOODMAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel Responses to Rule 69(a)(2) Discovery in Aid of Execution Against James Goodman and Genesis Networks Enterprises, LLC, filed on January 26, 2024, (ECF No. 17), to which Defendants did not respond.

On April 28, 2023, Plaintiff obtained a judgment against Defendants in the amount of $1,194,125.37. (ECF No. 14.) Following the judgment, the parties entered into an agreement establishing a payment plan to satisfy the judgment. (ECF No. 15, 1.) The agreement grants Plaintiff the right to accelerate payment of the remainder of the balance owed if an installment payment is not timely made. (*Id*.) Initially, Defendants timely made payments, but have recently missed one or more payments. (ECF No. 17-3, 1.) On October 26, 2023, Plaintiff propounded Rule 69(a)(2) discovery to aid in execution of the post-judgment amount due. (ECF No. 17-3, 2.) Defendants did not respond to the discovery requests but made a late payment in November 2023 and requested more time to respond to the discovery until at least January 2024. (*Id*.) Plaintiff agreed to give Defendants more time to respond to the discovery on the condition that Defendants

made the December 2023 payment and responded to the discovery. (*Id.*) Plaintiff filed the instant Motion after Defendants failed to make the December 2023 payment and did not respond to the discovery. (*Id.*)

Pursuant to Rules 37 and 69(a)(2) of the Federal Rules of Civil Procedure, Plaintiff moves the Court to compel responses to the discovery propounded without objections and grant it sanctions for costs incurred to file the Motion. (*Id.* at 3.) Pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by procedure of the state where the court is located.

Rule 69(a)(2) allows a judgment creditor to obtain discovery in a manner permitted by the rules and "[t]he scope of postjudgment discovery is very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting F.D.I.C. v. LeGrand, 43 F.3d 163, 172 (5th Cir. 1995)). In fact, the Supreme Court has described the rule as quite permissive. *Rep. of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Upon review of the Motion and the Memorandum in Support of the Motion, the Court finds that the Motion is well-taken and should be **GRANTED**. Accordingly, Defendants shall have up to, and including May 7, 2024, to respond Plaintiff's Rule 69(a)(2) discovery requests. The Court does not find at this point that Plaintiff shall be awarded costs incurred in bringing this motion as a sanction. However, failure to comply with this Order may result in sanctions.

**IT IS SO ORDERED** this 23rd day of April 2024.

                                            *s/ John T. Fowlkes, Jr.*
                                            JOHN T. FOWLKES, JR.,
                                            UNITED STATES DISTRICT JUDGE